UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3271-JGB (KK) | Date | October 27, 2014 |
|---|---|---|---|
| Title | LORD JULIAN ANTWANE V. F. FOULK, Warden | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**     (In Chambers) Order Denying Petitioner's Motion for Stay and Abeyance

Lord Julian Antwane ("Petitioner"), a California state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging his conviction for first-degree murder in Los Angeles County Superior Court. Dkt. 1. In support of his request for federal habeas relief, Petitioner asserts a single claim: he contends the state trial court committed instructional error. Id. On October 20, 2014, Petitioner filed a Motion for Stay and Abeyance, requesting the Court to stay the instant Petition so he may exhaust two additional constitutional claims in state court: (1) prosecutorial misconduct; and (2) ineffective assistance of trial counsel. Dkt. 24.

All claims in a federal habeas corpus petition must be exhausted before a federal court can act on the petition. Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). In light of this "total exhaustion" requirement, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), with a one-year statute of limitations to file federal petitions. 28 U.S.C. § 2244(d)(1). This statute of limitations is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral review. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Hence, habeas petitioners are advised to first seek relief in state court, because those who file mixed petitions (i.e. a petition containing both exhausted and unexhausted claims) in federal court run the risk of losing the opportunity for any federal review of their unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 275, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

A mixed petition may be stayed pursuant to either Kelly v. Small, 315 F.3d 1063

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3271-JGB (KK) | Date | October 27, 2014 |
|---|---|---|---|
| Title | LORD JULIAN ANTWANE V. F. FOULK, Warden | | |

(9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).  See King v. Ryan, 564 F.3d 1133, 1135-38 (9th Cir. 2009).  Pursuant to Kelly, a petitioner must dismiss his unexhausted claims, but the Court may stay his remaining exhausted claims while he returns to the state courts to exhaust his dismissed claims.  See Kelly, 315 F.3d at 1070-71.  The Ninth Circuit has warned, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles."  King, 564 F.3d at 1140-41.

     Alternatively, under Rhines, the Court has discretion to stay *all* of a petitioner's claims while he returns to the state courts to exhaust.  Rhines, 544 U.S. at 277-78.  However, district courts' discretion to stay and hold in abeyance a mixed habeas petition pursuant to Rhines, is limited.  Id. at 277.  This stay-and-abeyance procedure is available only in the following limited circumstances: (1) good cause exists for the petitioner's failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the Petitioner did not intentionally engage in dilatory litigation tactics in the state courts.  Id. at 277-278.

     Here, as an initial matter, Petitioner has not filed a mixed federal habeas petition.  The instant Petition does not contain any unexhausted claims and only consists of Petitioner's *exhausted* instructional error claim.  See Dkt. 1.  The other two claims Petitioner seeks to assert (*i.e.* prosecutorial misconduct and ineffective assistance of trial counsel) are not raised in the instant Petition.  Hence, Petitioner is not eligible for stay and abeyance of the Petition, either under Rhines or Kelly.  See King, 564 F.3d at 1135.

     Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion for Stay and Abeyance is **DENIED.**

**IT IS SO ORDERED.**